O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE MARIE NAVARRO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. ED CV 18-00197 MAA<br><br>**ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff has filed a Complaint seeking review of the Commissioner's final decision denying her application under Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's decision is reversed, and this matter is remanded for further administrative proceedings.

## ADMINISTRATIVE BACKGROUND

On September 18, 2015, Plaintiff filed an application under Title II for a period of disability and Disability Insurance Benefits, alleging disability beginning on August 3, 2013. (Administrative Record [AR] 16, 209-12.) Plaintiff alleged

disability due to chronic fatigue, hepatitis A and B, a fatty liver, and chronic obstructive pulmonary disease. (AR 74.) After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 125-26.) At a hearing held November 10, 2016, Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff and a vocational expert. (AR 35-73.)

In a decision issued on September 13, 2017, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation. Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (AR 18.) She had the following "severe" impairments: chronic obstructive pulmonary disease, history of hepatitis B, cirrhosis of the liver with a history of alcohol abuse, musculoligamentous strain of the cervical spine, degenerative disc disease of the thoracic spine, degenerative disc disease of the lumbar spine, and obesity. (*Id.*) She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 20.) She had a residual functional capacity to perform light work (*id.*), thus enabling her to perform her past relevant work as an office manager and accounting clerk (AR 25). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 26.)

On December 28, 2017, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, the ALJ's decision became the final decision of the Commissioner.

///
///
///
///
///

# DISPUTED ISSUES

The parties dispute the following two issues:

1. Whether the ALJ properly considered evidence that Plaintiff needed oxygen supplementation; and

2. Whether the ALJ properly considered Plaintiff's complaints of fatigue in rejecting her subjective allegations about her symptoms.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

# DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue Two, based on the ALJ's evaluation of Plaintiff's subjective symptom allegations. It is therefore unnecessary to address Issue One, regarding Plaintiff's alleged need for oxygen

supplementation. *See Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) (declining to decide alternate issues where reversal otherwise is warranted); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 n.1 (9th Cir. 1997) (same).

### A. Plaintiff's Fatigue as a Subjective Symptom Allegation (Issue Two).

#### 1. Legal Standard.

An ALJ must make two findings in assessing a claimant's pain or symptom allegations. Social Security Ruling ("SSR") 16-3P, 2017 WL 5180304, at *3; *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Effective March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because

4

the ALJ's decision in this case was issued on September 13, 2017, it is governed by SSR 16-3P. *See id.* at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic and are consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5

### 2. Background

During the hearing, Plaintiff testified about her work history and her alleged symptoms. She last worked in 2013, as a general manager for an office. (AR 43-44.) She can no longer work because of "end-stage" chronic obstructive pulmonary disease, "chronic pain," numbness, "extreme anxiety," and "overwhelming" depression. (AR 50-51.) She "can't even walk down the driveway without losing my breath." (AR 50.) She takes multiple medications for breathing and was recently approved for an oxygen tank. (AR 51.) She "can hardly lift" the bag she brought to the hearing. (AR 54.) She can stand for no more than 15 minutes. (AR 55.) She can sit for 20 to 26 minutes at a time. (AR 56.) She has difficulty with walking, lifting, bending, and writing. (*Id.*) She takes medication for depression and anxiety. (AR 59-60.)

Plaintiff also testified at the hearing about her history of smoking and drinking. She stopped smoking shortly before the hearing and was taking Chantix. (AR 61-62.) She had quit smoking two years earlier but backslid. (AR 62.) She also had quit drinking but backslid. (AR 62-63.) She previously attended Alcoholics Anonymous meetings. (AR 63, 64.)

In addition to testifying at the hearing, Plaintiff completed an "Exertion Questionnaire" describing her symptoms. (AR 254-56.) In pertinent part, Plaintiff

5

wrote that she is "tired all the time," lacks energy, and can walk for one block at a time. (AR 254.)

In his decision, the ALJ rejected Plaintiff's subjective symptom allegations. The ALJ first found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 22.) The ALJ next found, however, that her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.*) In support of this determination, the ALJ articulated three reasons: Plaintiff's failure to comply with treatment recommendations to stop smoking and drinking, the absence of objective medical findings, and the conservative nature of her pain treatment. (AR 21-22.)

### 3. Analysis

As a threshold matter, Plaintiff argues that the ALJ erred because none of the three reasons specifically addressed one of her primary symptom allegations: fatigue. The Court concurs. An ALJ must consider all critical aspects of a claimant's subjective symptom allegations. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (holding that an ALJ erred by focusing on claimant's back pain without addressing his alleged mental limitation); *see also Werlein v. Berryhill*, 725 F. App'x 534, 535 (9th Cir. 2018) (holding that an ALJ erred because he addressed only parts of the testimony and "never explained why he rejected some parts of Werlein's testimony and not others"). More generally, an ALJ has a duty to address all evidence that is significant and probative. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, none of the ALJ's three reasons directly addressed Plaintiff's subjective symptom allegation of fatigue, and the ALJ did not explore the issue of fatigue in detail during Plaintiff's live testimony at the hearing. However, the record is clear that Plaintiff did raise fatigue as one of her primary subjective

symptom allegations, thereby requiring the ALJ to address it before rejecting her allegations in whole. Significantly, Plaintiff raised the allegation in her Exertion Questionnaire, where she claimed that she is tired all the time (AR 254), and she raised it as one of the primary grounds for her disability application (AR 74). Moreover, the medical record corroborated her allegation of fatigue. (AR 333, 338, 349, 453, 454, 604.) Thus, since Plaintiff's allegation of fatigue was a critical aspect of her claim of disability (because it was raised as a primary ground for disability and because she asserted it with specificity and detail in her written questionnaire), the failure to address the allegation was reversible legal error. *See Swenson v. Sullivan*, 876 F.2d 683, 687-88 (9th Cir. 1989) (holding that an ALJ's failure to specify adequate reasons for rejecting a claimant's complaints of fatigue was reversible legal error).

But in any event, even assuming the ALJ's actual reasons for rejecting Plaintiff's subjective symptom complaints could be construed as addressing her complaints of fatigue, the reasons used to support that evaluation were legally insufficient, as discussed below.

      **a.**    **failure to stop smoking and drinking**

The ALJ rejected Plaintiff's subjective symptom allegations in part because she had "failed to follow treatment recommendations" that she stop smoking and drinking due to her chronic obstructive pulmonary disease and cirrhosis. (AR 21.) As support, the ALJ cited evidence that despite receiving treatment recommendations in 2014 to stop smoking and drinking (AR 333, 340), Plaintiff continued to smoke and drink (AR 322, 333, 340, 448, 454, 526, 531, 535).

Social Security regulations require that a claimant follow prescribed treatment in order to receive disability benefits. *See* 20 C.F.R. § 404.1530(a). Thus, in weighing a claimant's testimony, an ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of

7

treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Here, as a threshold matter, it is not clear that Plaintiff ever received "prescribed treatment" or "a prescribed course of treatment" to stop smoking or drinking, so as to warrant the rejection of her subjective symptom testimony for non-compliance. Rather, it appears that Plaintiff received only what the ALJ characterized as "treatment recommendations" (AR 333, 340), which are not legally equivalent to treatment that is "prescribed." *See Schena v. Secretary of Health and Human Services*, 635 F.2d 15, 19 (1st Cir. 1980) ("[T]he denial of benefits because of Schena's alleged 'willful refusal to follow a recommended course of treatment' . . . disregards the language of the regulation which specifically speaks in terms of the willful failure to follow 'prescribed' treatment."); *Teter v. Heckler*, 775 F.2d 1104, 1107 (10th Cir. 1985) ("Recommendations, suggestions, and abstract opinions are not enough."); *see also Orn v. Astrue*, 495 F.3d 625, 637 (9th Cir. 2007) (commenting in the context of obesity, "'Prescribed treatment' is a term of art. . . . A treating source's statement that an individual 'should' lose weight or has 'been advised' to get more exercise is not prescribed treatment."). Thus, in the absence of evidence of prescribed treatment to stop smoking and drinking, Plaintiff's failure to comply would not appear be a clear and convincing reason to reject her subjective symptom allegations, according to the relevant regulation.

In any event, even if it is assumed that Plaintiff did receive a prescribed course of treatment to stop smoking and drinking, evidence of her failure to comply still would not be clear and convincing. The probative value of a claimant's failure to follow a prescribed course of treatment is questionable when the treatment is aimed at behavior that may be addictive, such as smoking and drinking. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("It is certainly possible that Bray was so addicted to cigarettes that she continued smoking even in the face of debilitating shortness of breath and acute chemical sensitivity."); *Griffis v. Weinberger*, 509 F.2d 837, 838 n.1 (9th Cir. 1975) ("Some

8

alcoholics can stop; more cannot."). Thus, before rejecting a claimant's subjective symptom allegations for failure to follow a prescribed course of treatment to stop smoking or drinking, an ALJ must at least make a finding that compliance is possible. *See Byrnes v. Shalala*, 60 F.3d 639, 641 (9th Cir. 1995) (noting that before a claimant's complaints could be found not credible for failure to stop smoking, "the ALJ 'must examine the medical conditions and personal factors that bear on whether [a claimant] can reasonably remedy' his impairment and must make specific findings") (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)) (alteration in original); *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984) ("Where there is evidence of alcohol abuse, the [Commissioner] must inquire whether the claimant is addicted to alcohol and has lost the ability to control its use.").

The ALJ did not specifically find that Plaintiff's failure to stop smoking and drinking was deliberate or willful based on her medical conditions and personal factors. Moreover, the record suggests that Plaintiff's smoking and drinking were addictive behaviors. She was described as an "alcoholic" (AR 322), and she testified at the hearing that she attended Alcoholics Anonymous meetings (AR 63) and backslid after initial efforts to stop smoking and drinking (AR 62, 64). Plaintiff's failure to comply with a prescribed course of treatment under these circumstances was not a legally sufficient reason to reject her subjective symptom allegations.

### b. conservative treatment

The ALJ rejected Plaintiff's subjective symptom allegations in part by finding that Plaintiff's pain treatment was conservative: She "was not described as a surgical candidate, nor is there any evidence that she has required any extended periods of hospital confinement, use of a TENS unit, participation in a pain control clinic, or other extensive or significant forms of treatment commonly prescribed for

intense pain." (AR 22.)

An ALJ may draw an adverse inference from evidence of a claimant's conservative treatment. *See Tommassetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). One type of treatment that is commonly identified as conservative is over-the-counter pain medication. *See Parra*, 481 F.3d at 751. Here, however, Plaintiff was not limited to over-the-counter pain medication, but repeatedly was prescribed an opioid analgesic, Hydrocodone bitartrate with acetaminophen. (AR 495, 505, 527, 532, 536, 540, 570, 580, 604.) Pain treatment with opioid analgesics generally is not considered conservative. *See Abbott v. Astrue*, 391 F. App'x 554, 560 (7th Cir. 2010) (describing hydrocodone as a "strong pain reliever"); *see also Kager v. Astrue*, 256 F. App'x 919, 923 (9th Cir. 2007) (rejecting adverse credibility determination premised on the absence of significant pain therapy where the claimant took prescription pain medications including Methocarbomal and the narcotic analgesics Roxicet and Valium); *cf. Osenbrock v. Apfel*, 240 F.3d 1157, 1166 (9th Cir. 2001) (noting that an allegation of severe and unremitting pain may be corroborated by treatment with "strong Codeine or Morphine based analgesics").

Thus, despite the absence of evidence of other types of pain treatment such as hospitalizations, a TENS unit, or a pain control clinic, the pain treatment that Plaintiff actually received cannot be properly characterized as conservative. The nature of her treatment was not a legally sufficient reason to reject her subjective symptom allegations.

        c.      **inconsistency with positive objective medical findings**

Finally, the ALJ rejected Plaintiff's subjective symptom allegations in part because Plaintiff's allegations of disabling pain were "too extreme in light of the positive objective medical findings in the record." (AR 21-22.) As support, the ALJ cited two evidentiary deficiencies: the absence of positive findings from

diagnostic imaging of Plaintiff's back (AR 439, 493, 545) and the absence of evidence of significant problems in her gait or of the need for an assistive device for ambulation (AR 333).

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, however, even assuming this reason was supported by the record, the other two reasons, as discussed above, were legally insufficient. Because this final reason by itself cannot support the ALJ's rejection of Plaintiff's subjective symptom testimony, it is unnecessary to determine whether this reason constitutes substantial evidence for the ALJ's rejection of Plaintiff's subjective symptom testimony. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (holding that where ALJ's other reason to reject the claimant's testimony was legally insufficient, the sole remaining reason premised on the absence of objective medical support could not justify the credibility determination); *see generally Bunnell*, 947 F.2d at 345 ("[A]n adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain").

### 4. Conclusion

For the foregoing reasons, reversal is warranted for Issue Two, based on the ALJ's evaluation of Plaintiff's subjective symptom allegations.

### B. Remand for further administrative proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it

must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found legal error as discussed above, the record on the whole is not fully developed, and essential factual issues remain outstanding. The discredited evidence raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: Sept. 4, 2018

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE